## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

JOHN COX,

     Petitioner,

v.

                               Civil Action No. 22-1942-TDC

WARDEN CARLOS BIVENS,

     Respondent.

### MEMORANDUM OPINION

Self-represented Petitioner John Cox, who is currently confined at Roxbury Correctional Institution in Hagerstown, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging the 1996 revocation of 90 days of good conduct credits. Respondent Warden Carlos Bivens filed a Limited Answer to the Petition in which he argued that the Petition was an unauthorized successive petition. For the reasons set forth in the Court's March 28, 2025 Order, ECF No. 10, the Court disagreed and directed Respondent to file an Answer that addressed whether the Petition is time-barred and any other arguments for dismissal or denial of the Petition. Pursuant to *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), the Court notified Cox that he had an opportunity to explain why the Petition should not be dismissed as time-barred. After requesting and receiving an extension of the filing deadline, Respondent timely filed the Answer, in which he asserted that the Petition is time-barred and that Cox's claim is not cognizable and otherwise without merit. Cox filed a Reply to the Answer as well as a Motion to Rescind the Order granting the extension of Respondent's filing deadline, which will be denied. Upon review of the submitted materials, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing

Section 2254 Cases in the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Petition will be DISMISSED as time-barred.

## BACKGROUND

On January 12, 1988, Cox pleaded guilty in the Circuit Court for Baltimore City, Maryland to two counts of second-degree murder. That same day, he was sentenced to a total of 60 years of imprisonment. He did not seek leave to appeal his conviction or sentence.

### I.    State Post-Conviction Proceedings

On April 8, 1988, Cox filed a Motion for Reconsideration or Modification of Sentence, which was denied on May 23, 1988.

On March 8, 1996, Cox filed a self-represented state Petition for Post-Conviction Relief pursuant to Maryland's Uniform Postconviction Procedure Act. The court denied the state petition on October 14, 1997. Cox's timely application for leave to appeal the denial of his state petition was denied on February 27, 1998 by the Court of Special Appeals of Maryland, now the Appellate Court of Maryland ("the Appellate Court"). The Appellate Court's mandate issued no later than April 24, 1998.

On July 22, 2001, Cox filed a Motion for a New Trial, which was denied on October 18, 2002. On October 15, 2003, the Appellate Court affirmed the denial. The court's mandate issued on November 14, 2003. Cox's petition for a writ of certiorari filed in the Court of Appeals of Maryland, now the Supreme Court of Maryland ("the Maryland Supreme Court"), was denied on October 8, 2004.

On or about January 31, 2006, Cox filed a state Petition for a Writ of Habeas Corpus in the Circuit Court for Washington County, Maryland. The court forwarded the petition to the Circuit Court for Baltimore City, where the petition was docketed on February 3, 2006. On March 16,

2

2006, the court entered an order granting the state habeas petition in that it ordered the issuance of an amended commitment order that reflected the start date of Cox's sentence as July 16, 1987, rather than July 22, 1987. Cox's appeal of that decision was dismissed on August 15, 2007 as unauthorized by law. The court's mandate issued on September 14, 2007.

Meanwhile, Cox filed a second Motion for a New Trial on April 5, 2006, which was denied on August 7, 2006. He also filed a second Motion for Reconsideration or Modification of the Sentence on June 2, 2006, which was denied on August 7, 2006.

On February 6, 2014, Cox filed a Motion to Reopen his state post-conviction proceedings. On July 22, 2015, the court denied the motion. Cox filed an application for leave to appeal, which was summarily denied on February 11, 2016, with the court's mandate issuing on March 14, 2016. Cox's petition for a writ of certiorari filed in the Maryland Supreme Court was denied on April 25, 2016.

## II.    Revocation of Good Conduct Credits

On April 30, 1996, Cox had 60 days of good conduct credits revoked based on a disciplinary matter. On August 13, 1996, he had an additional 30 days of credits revoked for similar reasons.

On April 12, 2018, Cox filed a grievance with the Inmate Grievance Office ("IGO"), in which he sought the restoration of the 90 days of credits revoked in 1996. He argued that the revocations were improper based on his assertion that *Massey v. Secretary, Department of Public Safety & Correctional Services*, 886 A.2d 585 (Md. 2005), held that the regulations governing disciplinary revocation of credits were not promulgated until 2005. He argued that because the petitioner in *Massey* "won his appeal," good conduct credits could be revoked only for disciplinary matters occurring after 2005, and that the failure to apply *Massey* retroactively to restore his

3

revoked credits violated his rights to equal protection and due process under the Fourteenth Amendment to the United States Constitution. State Record II ("S.R. II") at 279, ECF No. 13-1.

On May 7, 2018, Cox filed a petition for judicial review in the Circuit Court for Washington County in which he asserted that the IGO never responded to his grievance. On May 30, 2018, the IGO issued a letter dismissing the grievance because Cox had failed to exhaust the remedies under the state's Administrative Remedy Procedure before filing the IGO grievance. On November 15, 2018, however, at the request of the State, the court remanded the case to the IGO, which then dismissed the grievance on the merits because *Massey* did not retroactively invalidate all prior disciplinary convictions.

On May 15, 2019, Cox filed a petition for judicial review of the IGO's decision in the Circuit Court for Washington County in which he sought a hearing. After the court denied the request for a hearing, Cox appealed that determination, but the Appellate Court dismissed the appeal as premature because no final judgment had been entered, with the mandate issuing on May 28, 2020.

On June 21, 2020, Cox filed a second petition for judicial review in the Circuit Court for Washington County, which was denied on November 2, 2021 on the grounds that "*Massey* does not apply retroactively," and that "there was no constitutional violation of a liberty interest." S.R. II at 563. After Cox's application for leave to appeal was denied, Cox filed a petition for a writ of certiorari in the Maryland Supreme Court, which was denied on June 17, 2022.

Cox also filed a third petition for judicial review on October 22, 2020, which was dismissed as duplicative of the second petition. The Appellate Court's mandate relating to its denial of Cox's application for leave to appeal issued on April 28, 2021.

Cox filed the present federal Petition for a Writ of Habeas Corpus on August 4, 2022.

4

## DISCUSSION

In the Petition, Cox argues that the 1996 revocation of 90 days of good conduct credits should be reversed in light of *Massey*. In the Answer, Respondent asserts that the Petition should be dismissed as time-barred because it was filed beyond the one-year limitations period of 28 U.S.C. § 2244(d). Respondent also asserts additional procedural and substantive reasons that Cox's Petition must fail. Because the Court concludes that the Petition is time-barred, it need not and does not address the remaining arguments.

## I.    Legal Standard

A petition for a writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A one-year limitations period applies to federal habeas petitions in non-capital cases filed by a person convicted in state court. *Id.* § 2244(d). Specifically:

(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

5

> pending shall not be counted toward any period of limitation under this
> subsection.

*Id.* § 2244(d). The one-year statute of limitations applies to federal habeas challenges to the revocation of good conduct credits. *See Wade v. Robinson,* 327 F.3d 328, 332-33 (4th Cir. 2003). This one-year period, however, is tolled while properly filed state post-conviction petitions are pending. 28 U.S.C. § 2244(d)(2).

## II.    Timeliness

A review of the procedural history reveals that the one-year period elapsed prior to the filing of the Petition. Generally, when a petitioner challenges the revocation of good conduct credits, the limitations period runs from the date that the credits were revoked because it is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See Wade*, 327 F.3d at 332–33 (quoting 28 U.S.C. § 2244(d)(1)(D)). Here, Cox's good conduct credits were revoked on April 30, 1996 and August 13, 1996.

The basis for Cox's challenge to the revocation of his credits, *Massey*, was not decided until November 21, 2005, nearly a decade after Cox's credits were revoked. As a judicial decision, *Massey* does not constitute a new "factual predicate" that could serve as the start date of the limitations period under §2244(d)(1)(D). *See Whiteside v. United States*, 775 F.3d 180, 183 (4th Cir. 2014) (holding that, pursuant to the analogous provision in 28 U.S.C. § 2255(f), an intervening change in law was not a new factual predicate sufficient to reset the limitations period). As a state court decision, *Massey* did not establish a "constitutional right" that was "newly recognized by the [United States] Supreme Court and made retroactively applicable to cases on collateral review," as required to reset the limitations period under 28 U.S.C. § 2244(d)(1)(C). Thus, *Massey* did not advance the start of the limitations period past August 1996. The record reflects that Cox had no

6

state post-conviction proceedings pending from the final denial of his state Petition for Post-Conviction Relief on or about April 24, 1998 until he filed another state post-conviction application three years later, on July 22, 2001, when he filed a Motion for a New Trial. Thus, the limitations period had elapsed even before *Massey* was decided.

Even if the limitations period were somehow deemed to start on November 21, 2005, the date of the *Massey* decision, the Petition would still be untimely. Cox had no pending state post-conviction proceedings from October 8, 2004, when the Maryland Supreme Court denied his petition for a writ of certiorari relating to the first Motion for a New Trial, until January 31, 2006, the date on which Cox filed his state habeas petition in the Circuit Court for Washington County. Moreover, Cox had no pending state post-conviction proceedings from September 14, 2007, when the Appellate Court issued its mandate dismissing Cox's appeal relating to the state habeas petition, to February 6, 2014, when he filed a Motion to Reopen his state post-conviction proceedings, a period of over six years. Approximately two more years passed between April 25, 2016, when the Maryland Supreme Court denied Cox's petition for a writ of certiorari relating to the denial of his Motion to Reopen, and Cox's filing on April 12, 2018 of an internal grievance regarding the reduction of his good conduct credits.

Thus, although Cox has detailed the pendency of administrative and state court proceedings relating to the present issue from 2018 to 2022, the fact that the limitations period ran for a total of approximately eight years after the *Massey* decision before his 2018 filing, and for approximately four years before the *Massey* decision, renders the Petition untimely. *See e.g., Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it."); *see also Brown v. Langley*, 348 F. Supp. 2d 533, 536

(M.D.N.C. 2004) (holding that "subsequent motions or petitions cannot revive a period of limitation that has already run").

Finally, Cox does not assert, and the Court cannot identify, any other basis for finding that any of the provisions setting a later date for the commencement of the limitations period, as specified in 28 U.S.C. § 2244(d)(l)(B)–(D), are applicable to his Petition. Thus, under any reading of the procedural history, the Petition was filed after the expiration of the limitations period and is time-barred.

**III.    Equitable Tolling**

Under certain circumstances the statute of limitations for habeas petitions may be subject to equitable tolling. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687-88 (4th Cir. 2000). A petitioner seeking equitable tolling must show that (1) extraordinary circumstances, (2) beyond the petitioner's control or external to the petitioner's own conduct, (3) prevented timely filing of a petition. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). Furthermore, to be entitled to equitable tolling, a petitioner must have been "pursuing his rights diligently." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). If "the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). The application of equitable tolling must be "guarded and infrequent" and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. Even in the case of an unrepresented

8

prisoner, ignorance of the law is not a basis for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Here, although Cox was informed of his right to argue that equitable tolling should apply, he has instead argued that his Petition was timely and should be granted on the merits. He has notably not provided any explanation for failing to assert his argument under *Massey*, whether through an administrative complaint or a court filing, for approximately 13 years after that decision was issued. Where Cox has provided no persuasive argument for why equitable tolling is warranted, and where the Court cannot discern one from the record, the Court finds that the Petition must be dismissed as time-barred.

## IV.    Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because the accompanying Order is a final order adverse to the applicant, Cox must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid

9

claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Cox's claims are dismissed on procedural grounds, and, upon review of the record, this Court finds that he has not made the requisite showing. The Court therefore declines to issue a certificate of appealability. Cox may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See* Fed. R. App. P. 22(b).

**CONCLUSION**

For the foregoing reasons, the Petition will be DISMISSED as time-barred. The Court declines to issue a certificate of appealability. A separate Order shall issue.

Date:   August 12, 2025

THEODORE D. CHUANG
United States District Judge

10